IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o M.S., <br><br> Plaintiff(s), <br><br> v. <br><br> KFORCE, INC., ABC CORP. (1-10) (said names being fictitious and unknown entities), <br><br> Defendant(s). | Civil Action No.: 2:13-cv-02404-CCC-JAD |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant KForce Services Corp. (improperly identified as "KForce, Inc.") (hereinafter "KForce") hereby answers the Complaint filed by Plaintiff Patient Care Associates LLC ("Plaintiff") and asserts the following Affirmative Defenses.

### THE PARTIES

1. With respect to the allegations contained within this paragraph of the Complaint, KForce admits only that Plaintiff holds itself out to be an ambulatory surgery center specializing in a wide array of surgical procedures and having its office located at 500 Grand Avenue, Englewood, NJ 07631. KForce lacks sufficient knowledge to confirm or deny the remaining allegations contained within this paragraph of the Complaint and leaves Plaintiff to its proofs.

2. Denied, as stated. By way of further response, KForce is a provider of professional and technical specialty staffing services and solutions that maintains an office at 1001 East Palm Avenue, Tampa, Florida 33605. KForce provides specialty staffing services and solutions in New Jersey.

3. It is admitted that KForce conducts business in Bergen County. The allegation that venue was properly laid in Bergen County, prior to the removal of this action to Federal Court, is a legal conclusion to which no response is required. By way of further response, appropriate venue for this Court in the Superior Court of New Jersey is no longer relevant as the case has been properly removed to the United States District Court for the District of New Jersey.

4. With respect to the allegations contained in this paragraph of the Complaint, KForce admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, KForce denies each and every other allegation contained in this paragraph of the Complaint.

5. With respect to the allegations contained in this paragraph of the Complaint, KForce admits only that M.S. is an enrollee in the self-funded group health benefit plan of KForce. Except as so admitted, KForce lacks sufficient knowledge to confirm or deny each and every other allegation contained in this paragraph of the Complaint.

6. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

## **SUBSTANTIVE ALLEGATIONS**

7. With respect to the allegations contained in this paragraph of the Complaint, KForce admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, KForce denies each and every other allegation contained in this paragraph of the Complaint.

8. KForce denies each and every allegation contained within this paragraph of the Complaint.

9. KForce denies each and every allegation contained within this paragraph of the Complaint.

10. KForce denies each and every allegation contained within this paragraph of the Complaint.

11. With respect to the allegations contained in this paragraph of the Complaint, KForce admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, KForce denies each and every other allegation contained in this paragraph of the Complaint.

12. KForce admits that Plaintiff has demanded payment and demands payment herein of $18,719.00, but denies that it is liable in that amount or any amount.

13. KForce denies each and every allegation contained in this paragraph of the Complaint.

14. KForce denies each and every allegation contained within this paragraph of the Complaint.

15. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

## FIRST COUNT
## (VIOLATION OF ERISA)

16. KForce repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

17. It is admitted that Plaintiff attempts to bring an action against Defendant alleging a violation of the ERISA statute. To the extent these allegations may be construed to allege or imply any liability against KForce, they are denied.

18. With respect to the allegations contained in this paragraph of the Complaint, KForce admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, KForce denies each and every other allegation contained in this paragraph of the Complaint.

19. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

20. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

21. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

22. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

23. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

24. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

25. With respect to the allegations contained in this paragraph of the Complaint, KForce admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, KForce denies each and every other allegation contained in this paragraph of the Complaint.

26. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

27. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

28. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

29. The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

**WHEREFORE**, KForce Services Corp. demands judgment dismissing Plaintiff's Complaint plus other such relief to which KForce is entitled as a matter of federal and state law.

## SECOND COUNT
## (ERISA – BREACH OF FIDUCIARY DUTY)

30.     KForce repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

31.     The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

32.     The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

33.     The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

34.     The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

35.     The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

36.     The allegations contained in this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

**WHEREFORE**, KForce Services Corp. demands judgment dismissing Plaintiff's Complaint plus other such relief to which KForce is entitled as a matter of federal and state law.

## THIRD COUNT
## (NEGLIGENT MISREPRESENTATION)

37.     KForce repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

38.     The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained within this paragraph of the Complaint.

39.     The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained within this paragraph of the Complaint.

40.     The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained within this paragraph of the Complaint.

41.     The allegations contained within this paragraph of the Complaint are legal conclusions to which no response is necessary.  To the extent an answer is deemed necessary, KForce denies each and every allegation contained within this paragraph of the Complaint.

**WHEREFORE**, KForce Services Corp. demands judgment dismissing Plaintiff's Complaint plus other such relief to which KForce is entitled as a matter of federal and state law.

2905279-01

## **FOURTH COUNT**

42. KForce repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

43. KForce is without sufficient information to admit or deny the allegations contained within this paragraph of the Complaint. To the extent an answer is deemed necessary, KForce denies each and every allegation contained in this paragraph of the Complaint.

**WHEREFORE**, KForce Services Corp. demands judgment dismissing Plaintiff's Complaint plus other such relief to which KForce is entitled as a matter of federal and state law.

**CONNELL FOLEY LLP**
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*KForce Services Corp.*

BY: *s/Thomas Vecchio*
Thomas Vecchio, Esquire

DATE:   May 6, 2013

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff is limited to the remedies thereunder as against KForce which are limited to payment of health benefits that were allegedly denied.

3. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff's claims are pre-empted by ERISA.

4. Plaintiff has failed to exhaust the mandatory administrative remedies under the terms of the applicable health benefit plan.  Therefore, this action is premature.

5. Plaintiff's claims are barred by the express terms of the applicable health benefits plan.

6. Plaintiff seeks benefits that are not eligible for coverage according to the terms of the applicable health benefits plan.

7. KForce did not owe any legal or contractual duty to Plaintiff.

8. Plaintiff lacks standing to assert the claims in the Complaint.

9. KForce did not violate any legal or contractual duty owed to Plaintiff

10. KForce acted reasonably and in good faith at all times.

11. Plaintiff's complaint is barred by the equitable Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

2905279-01

**WHEREFORE**, KForce Services Corp. demands judgment dismissing Plaintiff's Complaint plus other such relief to which KForce is entitled as a matter of federal and state law.

        **CONNELL FOLEY LLP**
        Liberty View
        457 Haddonfield Rd., Ste. 230
        Cherry Hill, NJ 08002
        (856) 317-7100

        *Attorneys for Defendant*
        *KForce Services Corp.*

BY:   *s/Thomas Vecchio*
        Thomas Vecchio, Esquire

DATE:   May 6, 2013

## **CERTIFICATE OF SERVICE**

I, Thomas Vecchio, of full age, hereby certify that the original of the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Court and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

> Andrew Bronsnick, Esquire
> Massood & Bronsnick
> 50 Packanack Lake Road East
> Wayne, NJ 07470

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


|  |  |
|---|---|
|  | By: */s/Thomas Vecchio* |
| DATED:  May 6, 2013 | Thomas Vecchio, Esquire |